

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELVA MORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-734-A |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration is the motion of defendant Breckenridge Property Fund 2016, LLC ("Breckenridge") to dismiss the claims of plaintiff, Elva Mora, against it in the above-captioned action. Having considered the motion, plaintiff's response thereto, Breckenridge's reply, the applicable legal authorities, and the entire record, the court finds that the motion should be granted and that plaintiff's claims against Breckenridge should be dismissed.

I.

Plaintiff's First Amended Complaint

Plaintiff filed her original petition on August 1, 2018, in the 236th Judicial District Court of Tarrant County, Texas. After removal to this court, plaintiff filed her first amended complaint ("Complaint") on September 21, 2018. In summary form,

the Complaint contains the following allegations pertinent to plaintiff's claims against Breckenridge:

Plaintiff purchased the property located at 5509 Independence Avenue, Arlington, Texas ("Property") on or about February 27, 2004. Doc.[1] 6 at 2, ¶¶ 7-8. On or about February 1, 2007, plaintiff obtained a home equity loan that involved her execution of a Texas Equity Note in the amount of $232,000, and the execution by plaintiff and her husband, Saul Mora, of a Texas Equity Deed of Trust, with World Savings Bank, FSB, as the lender. Id. at 2-3, ¶ 9. The loan violated the Texas Constitution because it exceeded eighty percent of the fair market value of the property. Id. at 3-4, ¶¶ 13-14.

At some point, defendant Wells Fargo Bank, N.A. ("Wells Fargo") began servicing the home equity loan. Id. at 3, ¶ 10. Plaintiff began to have financial difficulties, and applied for a loan modification in 2018. Id. She was told she could seek a modification of her loan, but her attempts to negotiate a loan modification with Wells Fargo failed for improper reasons. Id.

Wells Fargo obtained on March 28, 2018, a Default Order Allowing Foreclosure, then posted the Property for foreclosure sale to occur on May 1, 2018. Id., ¶ 11. Wells Fargo failed to send the required notice of sale. Id. At the May 1, 2018

---

[1] The "Doc.__" references are to the number of the item on the docket in this action.

foreclosure sale, the Property was sold for the grossly inadequate price of $250,000, to Breckenridge, which was below its fair market value. Id., ¶ 12. Breckenridge is now attempting to evict Plaintiff from the Property by a suit pending in a court in Tarrant County, Texas. Id. at 4, ¶ 16.

\* \* \* \* \*

Plaintiff asserts four causes of action affecting Breckenridge: (1) declaratory judgments declaring that the foreclosure sale was wrongful and should be deemed void <u>ab initio</u> and that plaintiff has a greater right to ownership of the property than Breckenridge, id. at 5, ¶¶ 18-22; (2) violation of Texas Property Code section 51, causing the foreclosure to be void, id. at 5-6, ¶¶ 23-26 (3) suit to quiet title, id. at 8-9, ¶¶ 37-39; and, (4) trespass to try title, id. at 9-10, ¶¶ 40-41.

II.

Grounds of the Motion

The ground of Breckenridge's motion is that plaintiff has failed to state a claim against it upon which relief can be granted. Breckenridge notes that the allegations of the Complaint establish that it holds legal title to the Property pursuant to a Trustee's Deed, and that plaintiff has the burden to plead and prove that Breckenridge is not a bona fide purchaser ("BFP"), which, according to Breckenridge, plaintiff has failed

to do. According to Breckenridge, the documentation upon which it is entitled to rely in support of a motion to dismiss shows as a matter of law that Breckenridge was a BFP of the Property at the foreclosure sale.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Analysis

The court has concluded that neither of the theories of relief urged by plaintiff against Breckenridge has merit.

Breckenridge contends that the Texas Constitution gives it the status as a BFP at the foreclosure sale, with the result that it has a greater title interest in the Property than the title plaintiff claims. If Breckenridge is correct, all of plaintiff's claims against it fail.

Plaintiff does not challenge that if Breckenridge is a valid BFP under the Texas Constitution, it has a title interest in the Property superior to any interest claimed by plaintiff. Instead,

5

she starts by claiming that Breckenridge's status as a BFP is a fact question that cannot be determined at the motion to dismiss stage. She is mistaken.

Texas Constitution Article 16, Section 50(i), describes the elements that must be met for BFP status for third-party purchasers upon foreclosure of a Texas home equity lien:

> (i) . . . . A purchaser for value without actual knowledge may conclusively presume that a lien securing an extension of credit described by Subsection (a)(6) of this section was a valid lien securing the extension of credit with homestead property if:
>
> (1) the security instruments securing the extension of credit contain a disclosure that the extension of credit secured by the lien was the type of credit defined by Section 50(a)(6), Article XVI, Texas Constitution;
>
> (2) the purchaser acquires the title to the property pursuant to or after the foreclosure of the voluntary lien; and
>
> (3) the purchaser is not the lender or assignee under the extension of credit.

Four of the five elements[2] that Breckenridge must meet to be considered a BFP are undisputed. Breckenridge was a purchaser for value when it purchased the Property at the May 1, 2018 foreclosure sale. See Doc. 6 at 3, ¶ 12. The Texas Equity Deed of Trust executed with World Savings Bank, FSB, contains, on the

---

[2] In addition to meeting the requirements of Texas Constitution Article 16, Section 50(i)(1-3), a party seeking BFP status must be a (1) purchaser for value (2) without actual knowledge. These are elements one and two, and the requirements of Section 50(i)(1-3) are elements three, four, and five.

first page, a disclosure that "[t]he extension of credit secured by the lien of this deed of trust is the type of credit defined by Section 50(a)(6), Article XVI of the Texas Constitution" in bold, uppercase letters. Doc. 7, Ex. 1, at 1. The Trustee's Deed, attached to Breckenridge's motion to dismiss as Exhibit 2, demonstrates that Breckenridge acquired title to the Property pursuant to the foreclosure of the Deed of Trust, a voluntary lien. And both Exhibits 1 and 2, the Texas Equity Deed of Trust and Trustee's Deed, demonstrate that Breckenridge was not the lender or assignee of the lender under the extension of credit.

The only element that plaintiff disputes is the second one-that Breckenridge was a purchaser without actual knowledge.[3]

---

[3] In Wood v. HSBC BANK USA, N.A., 505 S.W.3d 542 (Tex. 2016), there is discussion in both the majority opinion and dissenting opinion that provides clarification on the effect of section 50(i) of Article 16 of the Texas Constitution. The majority explained:
> However, section 50(i) provides such protection to home-equity foreclosure purchasers without actual knowledge of a constitutional defect. This deviation from the common-law treatment of void liens evinces an understanding that home-equity liens securing constitutionally noncompliant loans do not neatly fit into a common-law category. By including a bona-fide purchaser provision, section 50(i) effectively sets its own cut-off. Once a third-party buys without actual knowledge of the invalid lien, that transaction will not be undone notwithstanding the invalid lien.

Id. at 550. And, the author of the dissenting opinion gave his view of the matter with the following language:
> Section 50(i) provides that "[a] purchaser for value without actual knowledge may conclusively presume that a lien securing an extension of credit described by Subsection (a)(6) of this section was a valid lien securing the extension of credit with homestead property" under certain circumstances. The Court reads this provision as abolishing the common law rule that a void instrument conveys nothing, not even to a bona fide purchaser for value. But a better interpretation is that a bona fide purchaser need not be concerned that a lien may be invalid but is protected by a conclusive presumption that the lien actually was valid.

Id. at 554 (Hecht, C.J., dissenting).

7

Plaintiff asserts that Breckenridge had actual knowledge, or in the alternative, that it could have had actual knowledge, and that a determination on whether it had actual knowledge is a fact issue that cannot be decided at the motion to dismiss stage.

As Breckenridge points out in its motion to dismiss, plaintiff's complaint is devoid of any allegations that Breckenridge had any knowledge, actual or otherwise, of any impropriety with the foreclosed deed of trust lien or the foreclosure. The burden is on plaintiff to plead that Breckenridge was not a BFP. See Bank of Am. v. Babu, 340 S.W.3d 917, 923 (Tex. App.-Dallas 2011, pet. denied) ("A party claiming title through principles of equity has the burden of proving that a subsequent purchaser was not a good faith purchaser."); see also Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC, 340 S.W.3d 65, 76 (Tex. App.-Houston [1st Dist.] 2011, no pet.) ("In a contest between the owner of an equitable right of title and the holder of legal title . . . the burden of proof as to good faith and consideration is upon the party asserting the equitable right and not upon the subsequent purchaser of legal title.").

Plaintiff maintains that Breckenridge should have "reasonably" looked up the Tarrant Appraisal District value of the Property, compared it with the loan amount on the recorded Home Equity Deed of Trust, realized that the loan amount exceeded

80% of the fair market value of the Property at the time the Home Equity Deed of Trust was executed, in violation of the Texas Constitution, and realized that foreclosure on the Property was improper. Plaintiff provides no authority to support her contention, and the court has found none. The court concludes that at best plaintiff is making some kind of constructive knowledge argument. Plaintiff alleged no facts that would, if true, establish that Breckenridge had actual knowledge of anything that would put in question the validity of the foreclosure sale.

Plaintiff's second argument on "actual knowledge" fares no better. She contends that because Breckenridge is "an experienced purchaser of foreclosed properties," doc. 10 at 4, it may have already engaged in the process described above prior to purchasing the Property at the May 1, 2018 foreclosure sale, and as a result, may have had actual knowledge of plaintiff's equitable title claim prior to purchasing the Property. That argument invites the court improperly to join plaintiff in unpleaded speculation. Plaintiff's pleading contains insufficient facts to plausibly suggest Breckenridge had actual knowledge of any defect in the home equity loan or the foreclosure sale when it purchased the Property. Accordingly, plaintiff's challenge to Breckenridge's BFP status fails, and the

court finds that Breckenridge is a BFP under the Texas Constitution.

B. Plaintiff's Judgment Requests and Her Quiet Title and Trespass to Try Title Claims Fail

As stated above, the parties both acknowledge that if Breckenridge is a BFP, then all of plaintiff's claims fail. Having found that Breckenridge is a BFP, the court finds that plaintiff is not entitled to "a determination that the foreclosure sale of her Property by Defendants was wrongful and should be deemed void ab initio," doc. 6 at 5, ¶ 20, or "a determination that she has a greater right to ownership of the Property than Defendant Breckenridge."[4] Id, ¶ 21. As a result of Breckenridge's BFP status, Breckenridge has a greater right to ownership of the Property than plaintiff and did not wrongfully purchase the Property.

C. The Allegations That the Original Lender and Wells Fargo Violated Texas Property Code Section 51 Are Moot as to Breckenridge

The court does not need to devote its attention to plaintiff's claims that there were violations of Texas Property Code section 51 inasmuch as Breckenridge's BFP status causes those violations, if there were any, to be moot as to it.

---

[4] Plaintiff seeks a third determination regarding her loan, but that determination does not involve Breckenridge and thus will not be dealt with here.

10

V.

Order

For the foregoing reasons,

The court ORDERS that Breckenridge's motion to dismiss be, and is hereby, granted, and that all of plaintiff's claims against Breckenridge be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Breckenridge.

The court further ORDERS that from this point forward, the style of this case shall be "Elva Mora, Plaintiff, v. Wells Fargo Bank, N.A., Defendant."

SIGNED November 28, 2018.

JOHN McBRYDE
United States District Judge